UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH MARKS, | ) | CASE NO.  1: 09 CV 433 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OF OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

This is an action for judicial review of the final administrative decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits  and Supplemental Security Income under 42 U.S.C. §§ 423, 1381.  Pursuant to Local Rule 72.2(b), this matter was referred to Magistrate Judge George J. Limbert for the preparation of a Report and Recommendation (R&R).  Magistrate Judge Limbert submitted his R&R on March 25, 2010.  The R&R recommends that the Court reverse the decision of the ALJ and remand the matter "for further factfinding, analysis, and articulation regarding the need for environmental and loss stress restrictions in Plaintiff's RFC and the impact of those restrictions on the number of jobs available in the economy."

No objections to the R&R have been filed.

**I.  Standard of Review**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections to the R&R.  When objections are made, the district court reviews the case *de novo*.  Fed. R. Civ. P. 72(b)(3) provides:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72 does not set forth a standard of review for reports to which no objections are made.  The Advisory Committee Notes provide:  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 (Advisory Committee Notes to 1983 Amendment).  Further, the Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985):  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

## II.  Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim.  20 C.F.R.§ 404.1520(a).  As set out by the Magistrate Judge, the ALJ in this case found Plaintiff suffered from severe impairments but did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.  The ALJ then determined Plaintiff's residual functional capacity (RFC).  The ALJ determined Plaintiff could perform light work with the following limitations:  he can carry 10 pounds frequently and 20 pounds occasionally; stand/walk 6 hours in an 8 hour day; sit 6 hours in an 8 hour day; push and pull 10 pounds frequently and 20 pounds occasionally; he can only occasionally use hand controls with the right hand but can frequently handle and finger with the right hand; he cannot climb ladders, ropes or scaffolds; he can perform simple routine work and have superficial interaction with coworkers and the public but without negotiation or

2

confrontation.  In support of this RFC, the ALJ reviewed opinions and records from consultative examiner A.K. Bhaiji, M.D.; treating cardiologist Andrew Sakiewicz; state agency medical reviewing consultants Charles Derrow, M.D., and Gary DeMuth, M.D.; examining consultative psychologist David House, Ph.D.; reviewing state agency psychological consultant Guy Melvin, Ph.D; and psychiatrist Dr. Stein.

Based on the testimony of the vocational expert, the ALJ found Plaintiff was unable to perform his past relevant work.  The ALJ then determined that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy and therefore was not disabled.  Specifically, in response to a hypothetical question, the vocational expert testified that a person of Plaintiff's age, education, work experience and RFC could perform the following jobs defined in the Dictionary of Occupational Titles (DOT): assembler small parts; cleaner/housekeeper; and gasket inspector.

The Magistrate Judge found that substantial evidence supported the ALJ's decision in all respects except two.

First, although the Magistrate Judge found no error in the ALJ's decision to afford great weight to the opinion of Dr. DeMuth instead of the opinion of Dr. Bhaiji in making his determination, the Magistrate Judge found that the ALJ erred in accepting Dr. DeMuth's opinion without specifically discussing Dr. DeMuth's opinion that Plaintiff should avoid exposure to fumes, odors, dusts, gases and poor ventilation in determining Plaintiff's RFC.  The Magistrate Judge reasoned that the Sixth Circuit's holding in *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) "is consistent with the premise that an ALJ cannot selectively review portions of a medical opinion and ignore other portions when asserting a claimant's RFC."

The Magistrate Judge recognized that the ALJ's failure to inquire as to the environmental restrictions was likely harmless in light of an updated job description of assembler, available through the Occupational Information Network ("O*NET"), providing that "[m]ost factories today are generally clean, well-lit, and well-ventilated; and depending on what type of work is being performed, they may also need to be dirt and dust-free." Nevertheless, the Magistrate Judge recommended that the case be remanded for further factfinding, analysis and articulation by the ALJ regarding Dr. DeMuth's environmental limitation because "the ultimate determination" as to the need for environmental restrictions in the RFC "should be made by the ALJ upon consultation of a vocational resource, such as a vocational expert."

The Court agrees that the failure of the ALJ to make specific inquiry of the vocational expert in regard to the noted environmental limitation appears harmless in light of the updated O*NET description, which appears to incorporate the environmental limitation noted by Dr. DeMuth. Nevertheless, in that no objection to the R&R has been filed and there is no "clear error on the face of the record" concerning the Magistrate Judge's determination, the Court accepts the determination of the Magistrate Judge that remand is necessary for further factfinding and analysis regarding the need for environmental restrictions in the RFC.

Second, the Magistrate Judge found that the ALJ erred in failing to include a "low stress restriction" in the RFC. The Magistrate Judge reasoned that the ALJ adopted the opinion of Dr. House regarding a low stress restriction but then stated an RFC with no limitation to a low stress environment. The Magistrate Judge acknowledged that the ALJ's RFC provided "some accommodations" for a low stress restriction (specifically, by limiting Plaintiff to simple routine work, superficial interaction with coworkers and the public, and no negotiation or confrontation),

but the Magistrate Judge declined to consider whether these accommodations rendered the ALJ's failure to include a low stress environment restriction harmless.  The Magistrate Judge concluded that it was not necessary to make such a determination "since remand is otherwise necessary to remedy the ALJ's error pertaining to his treatment of Dr. DeMuth's opinion."

Again, although any error of the ALJ in this regard may be harmless, no objection has been made to this determination of the Magistrate Judge and there is no clear error on the face of the record.  Accordingly, the Court accepts this determination of the Magistrate Judge as well.

**III.  Conclusion**

For the reasons stated above, the R&R is accepted.  The ALJ's decision is reversed and remanded for the limited purpose of allowing the ALJ to conduct "further factfinding, analysis, and articulation regarding the need for environmental and low stress restrictions in Plaintiff's RFC and the impact of those restrictions on the number of jobs available in the economy."

IT IS SO ORDERED.


Date:  May 19, 2010                          ___/s/ John R. Adams_____
                                             JOHN R. ADAMS
                                             United States District Judge

5